**E. M. FLEISCHMANN LUMBER CORP.**

v.

**RESOURCES CORP. INTERNATIONAL (two cases).**

Nos. 11161, 11162.

United States Court of Appeals Third Circuit.

Argued Jan. 22, 1954.

Decided March 15, 1954.

Rehearing Denied April 9, 1954.

Robert F. Skutch, Jr., Baltimore, Md. (Herbert L. Cobin, Wilmington, Del., Jack C. Merriman, Weinberg & Green, Baltimore, Md., on the brief), for plaintiff. Wm. H. Foulk, Wilmington, Del., for plaintiff-appellant E. M. Fleischmann Lumber Corp.

Leonard L. Cowan, Chicago, Ill., for defendant-appellant Resources Corp. International (William Marvel, Wilmington, Del., on the brief), for defendant.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an action for damages on account of fraud and deceit which was tried to the court. It resulted in an award in favor of plaintiff of $64,263.80 primary damages plus an allowance of ante-judgment interest in the sum of $16,650.02. Both sides appeal. Because the district court has filed three comprehensive opinions in this matter, two of which have been reported,[1] it will not be necessary to dwell unduly on the factual situation.

Our independent examination of the record satisfies us that there was substantial evidence to support the conclusions of Judge Rodney in the district court that plaintiff made out a cause of action under the complaint entitling it to damages. The damages awarded, including the ante-judgment interest, are justified by the evidence. There is sufficient evidence also to warrant the finding of the trial judge that the other items of plaintiff's alleged damages, the subject of its appeal, are not recoverable in this action.

Only one of plaintiff's claims need be discussed at any length. This relates to $103,092.78 which plaintiff expended through its Mexican subsidiary corporation, Maderera Occidental, S.A. (MOSA), as a result, it is charged, of the fraud and deceit practiced upon it by defendant. The trial court agreed that plaintiff was prompted to disburse the stated sum as a consequence of the fraud but held that MOSA was a separate entity, which fact would prevent plaintiff from recovering this item directly.[2]

1. The background of this litigation is adequately set out in an opinion dated May 23, 1952, 105 F.Supp. 681. It was there that the court found that the allegations of defendant's fraud had been established. An opinion dated April 9, 1953, in which damages were ascertained is unreported, but a later opinion under date of June 24, 1953, dealing with the interest question is reported in 114 F.Supp. 843.

2. These expenditures, largely for equipment, were the equivalent of MOSA's paid in capital, $103,092.78. Capitalization of the subsidiary was effected by crediting the advances made by plaintiff through its current account to MOSA's capital account until they reached the above figure (equal to over 500,000 pesos). Although there was never any direct purchase by plaintiff of MOSA's stock an actual capitalization in the above amount was apparently required by Mexican law.

Plaintiff, however, also urged that if its claim to the $103,092.78 be denied as a direct expense occasioned by the fraud it should nevertheless be reimbursed for that amount as a loss of its investment in MOSA. Although this theory of recovery appealed to the trial judge the difficulty in its application, as he saw it, was that MOSA had a breach of contract action pending in the Mexican courts against the present defendant's nominee, one Correa, who with MOSA was a party to the principal contract here involved.[3] That suit was instituted several months before the present litigation and sought many of the items of damage claimed here. It is readily apparent that under both plaintiff's alternative theories of recovery (with respect to the MOSA sum), the second having the approval of the district court, there can be no proper ascertainment of damages so long as the Mexican action is undisposed of.

Insofar as plaintiff seeks to recover the $103,092.78 directly, claiming it as a total loss, there would be a duplication of damages if, after prevailing here, it also recovered in Mexico through its wholly-owned subsidiary. As the district court pointed out, there is no assurance that a recovery here would be a bar to further recovery by MOSA in the Mexican suit. On the other hand, plaintiff's argument that its investment in MOSA has been completely lost, i. e., that the MOSA stock is valueless, is flatly contradicted by its assertion of the Mexican cause of action and, a fortiori, of possible recovery on that cause of action. The Mexican suit, as noted, may not be barred by plaintiff's success in the instant litigation and certainly constitutes a MOSA asset. Because the worth of MOSA is not determinable in the present circumstances the district court correctly dismissed this claim.

■ It may be collaterally observed that with more than six years having elapsed since the discovery of the fraud

this treatment of the MOSA claim will, because of the running of the statute of limitations, constitute a bar to the institution of a later suit in the same court[4] and probably in most if not all other American jurisdictions. Such a result, as we see it, would not be inequitable to plaintiff. It has elected to initiate the Mexican proceedings through its subsidiary which, under its own claims, is merely its alter ego. Having chosen that forum to redress the wrongs to MOSA it cannot complain that it is being deprived of its remedy in the present suit. A different situation might have been presented if defendant or its nominee had brought suit in Mexico for a declaratory judgment, or for other relief as to which plaintiff would have been obliged to counterclaim.

The judgment will be affirmed.

---

3. The present parties guaranteed the performance of that contract.

4. The Delaware statute of limitations on case, here applicable, is three years. Delaware Code, Limitation of Actions, 10–8106.