ARCO PIPELINE COMPANY,
Appellant in No. 82–1186,

v.

SS TRADE STAR, her Engines, Boilers, Tackle, etc., and any and all persons having interest therein In Rem, and Trade Star, In Personam, and TUG TANDA 12, her Engines, Boilers, Tackle, etc. and any and all persons having any interest In Rem, and Taylor and Anderson Towing and Lighterage Co., as owner of the tug Tanda 12, In Personam, and TUG DONAL G. McALLISTER, her Engines, Boilers, Tackle, etc. and any and all persons having interest therein, In Rem, and McAllister Brothers, Inc. as owners of the tug Donal G. McAllister, In Personam,

v.

ATLANTIC RICHFIELD CO., Fort Mifflin Marine Terminal, Philadelphia, Pennsylvania 19101, Third Party Defendant,

Trade Oil Company, S.A., Appellant in No. 82–1199.

Nos. 82–1186, 82–1199.

United States Court of Appeals,
Third Circuit.

Argued Sept. 30, 1982.

Decided Nov. 16, 1982.

William G. Downey, W. Stanley Sneath (argued), Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellants.

Alfred J. Kuffler (argued), Palmer, Biezup & Henderson, Philadelphia, Pa., for appellee.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and SAROKIN,* District Judge.

OPINION OF THE COURT

SAROKIN, District Judge.

On May 22, 1977, appellee S.S. Trade Star, collided into appellant's berth while docking. In January, 1980, the district court determined that appellee was liable for the accident. By consent of the parties, the matter was referred to a special master to determine the amount of damages suffered by appellant. On June 17, 1981, the master filed his findings of fact and conclusions of law with the district court. Subse-

* Honorable H. Lee Sarokin, United States District Judge for the District of New Jersey, sitting by designation.

quently, appellant and appellee raised objections to the findings with the district court. On February 23, 1982, the court, without opinion, affirmed the special master's findings of fact and conclusions of law. After careful review of the entire record, this court finds that, except for the issue of prejudgment interest, the findings of the master were not clearly erroneous and will therefore be upheld. The issue of prejudgment interest, however, will be remanded to the district court.

Appellant contends that the special master's finding that it was entitled to prejudgment interest at a rate of only 6% is not supported by the record. At trial, appellant adduced uncontradicted testimony that its rate of return on investment was substantially above 6%. The special master decided, apparently primarily by reference to case law, that 6% was an appropriate rate for the calculation of prejudgment interest. This finding was clearly erroneous. The purpose of prejudgment interest is to reimburse the claimant for the loss of the use of its investment or its funds from the time of the loss until judgment is entered. *In re Bankers Trust Company,* 658 F.2d 103, 108 (3d Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982). The case will therefore be remanded to the district court to set a rate of prejudgment interest consistent with the record and opinion of this court. In all other respects, the master's report is affirmed and the objections raised by appellee on cross-appeal are denied.