NATIONAL RAILROAD PASSENGER CORPORATION, a corporation of the District of Columbia, Plaintiff,

v.

NEW CASTLE COUNTY, a political subdivision of the State of Delaware, and the City of Wilmington, a Delaware municipal corporation, Defendants,

NEW CASTLE COUNTY, a political subdivision of the State of Delaware, Third-Party Plaintiff,

v.

CHRISTIANA SCHOOL DISTRICT, Colonial School District, Red Clay Consolidated School District, and New Castle County Vocational Technical School District, Third-Party Defendants.

Civ. A. No. 84–561–JLL.

United States District Court, D. Delaware.

June 10, 1986.

Henry N. Herndon, Jr. and Richard D. Kirk of Morris, James, Hitchens & Williams, Wilmington, Del., for third-party defendants, Christiana School Dist., Colonial School Dist. and Red Clay Consolidated School Dist.

Jeffrey M. Weiner of Bayard, Handelman & Murdoch, P.A., Wilmington, Del., for third-party defendant New Castle County Vocational Technical School Dist.

Richard R. Wier, Jr. and Walter P. McEvilly, Jr., of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., David J. Carol of National R.R. Passenger Corp., Washington, D.C., of counsel, for plaintiff.

Dennis J. Siebold, Richard A. Hauge, and Douglass Lee Mowrey of New Castle County Law Dept., Wilmington, Del., for defendant New Castle County.

Karen L. Johnson of City of Wilmington Law Dept., Wilmington, Del., for defendant City of Wilmington.

## OPINION

LATCHUM, Senior District Judge.

In this civil action, National Railroad Passenger Corporation ("Amtrak") sought a refund of real property taxes paid to New Castle County (the "County") and the City of Wilmington (the "City") for the period between October 1, 1981 and June 30, 1982. In turn, the County filed a third-party complaint against the four named school districts, alleging that a portion of the property taxes collected by the County pursuant to 14 *Del.C.* § 1917 from Amtrak had been collected on behalf of the school districts. In essence, the County asserted that if it were required to make a refund to Amtrak,

the County would be entitled to reimbursement from the school districts for the amounts collected for them.

In an opinion and order dated April 8, 1986, 633 F.Supp. 354, this Court granted summary judgment in favor of Amtrak and against the County and the City. Presently before the Court is Amtrak's motion, pursuant to Fed.R.Civ.P. 60(a), to amend this Court's April 8, 1986 order entering summary judgment in plaintiff's favor to provide for prejudgment and postjudgment interest.

After considering the parties' submissions on this motion, including oral argument, the Court will grant Amtrak's motion to amend with respect to prejudgment interest even though it was predicated on the wrong Federal Rule of Civil Procedure. However, Amtrak will not be awarded prejudgment interest for the three discernible time periods where it inexplicably delayed in prosecuting this action. With respect to postjudgment interest, Amtrak will be entitled to postjudgment interest from the date of this opinion pursuant to the mandatory provisions of 28 U.S.C. § 1961(a).

## PREJUDGMENT INTEREST

Although the underlying facts were set forth in the Court's previous opinion, a procedural précis is necessary to the Court's discussion of the applicable rule of civil procedure upon which Amtrak's motion is grounded. On April 8, 1986, this Court issued an opinion and order granting summary judgment to Amtrak. (Docket Item ["D.I."] 25, 26). In addition to granting summary judgment to Amtrak, the order provided that: (1) judgment was entered in Amtrak's favor against the County in the amount of $34,757.47; and (2) judg-

ment was entered in Amtrak's favor against the City in the amount of $28,-694.54. (*See* D.I. 26.) The Court's April 8, 1986 order finalized the proceedings between Amtrak and the two defendants in the main action, the County and City. All that remains in this case is the County's third party action, essentially for reimbursement, against the school districts.

Although Amtrak's complaint contains a general demand for interest in its prayers, Amtrak did not request nor argue for prejudgment interest in its summary judgment motion or in any other documents directed to the Court. Rather, Amtrak raises the prejudgment issue for the first time in the present motion to amend.

### 1. The Appropriate Rule for Amtrak's Motion.

Amtrak's motion to amend the Court's order granting it summary judgment is styled under Rule 60(a).[1] In their answering brief, the third party defendants[2] contend that Rule 60(a) is an improper basis for Amtrak's motion. Rather, the school districts assert that since Amtrak obtained a judgment against the County and City, and since the award of prejudgment interest is discretionary with the Court, the April 8, 1986 opinion and order's failure to address prejudgment interest is not a Rule 60(a) clerical mistake. The school districts further contend that Rule 59(e) is the proper basis for Amtrak's motion to amend, and that Amtrak's motion should be denied because it is without the ten-day period provided in Rule 59(e).[3]

The Court has determined that, contrary to the parties' contentions, neither

---

1. Fed.R.Civ.P. 60 provides in pertinent part:
   **Relief from Judgment or Order**
   **(a) Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

2. Any prejudgment interest awarded to Amtrak and assessed against the County would affect the school districts' monetary obligation to the

County. Accordingly, the Christiana, Colonial and Red Clay Consolidated School District filed an answering brief in opposition to Amtrak's motion to amend. (D.I. 31.) Their brief was joined in by the New Castle County Vocational Technical School District.

3. Fed.R.Civ.P. 59(e) provides:
   **Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

Rule 60(a) nor Rule 59(e) controls this motion. At the outset, the Court notes that substance over form governs and that the Court is empowered to treat Amtrak's motion under the appropriate rule, irrespective of which rule it is proffered under. *See, e.g., Bordallo v. Reyes,* 763 F.2d 1098, 1101 (9th Cir.1985) ("since 'nomenclature is not controlling,' a court must construe whether a motion, however styled, is appropriate for the relief requested") (footnote omitted); *Rankin v. Heckler,* 761 F.2d 936, 942 (3d Cir.1985).

■ Any prejudgment interest awarded under 45 U.S.C. § 546b[4] is discretionary. Amtrak's exclusively federal cause of action has two independent bases for subject matter jurisdiction. First, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Amtrak's claim arising under federal law. Second, pursuant to 45 U.S.C. § 546b, this Court has original jurisdiction under the exemption legislation itself.

In the absence of a statutory directive, any award of prejudgment interest in cases arising under federal law is axiomatically vested within the discretion of the district court. *See, e.g., Waterside Ocean Navigation Co. v. International Navigation, Ltd.,* 737 F.2d 150, 153 (2d Cir.1984); *Ambromovage v. United Mine Workers of America,* 726 F.2d 972, 981–82 (3d Cir. 1984); *Oil, Chemical & Atomic Workers Int'l Union v. American Cyanide Co.,* 546 F.2d 1144 (5th Cir.1977). Section 546b is silent with respect to prejudgment interest. Thus, the award of prejudgment interest on Amtrak's claim is discretionary, as opposed to mandatory.

Rule 59(e) and Rule 60(a) to some extent provide overlapping relief. Rule 59(e) and its short ten-day time period support the principle of finality of judgments. Rule 60(a) provides relief from clerical mistakes or oversight and expresses no time constraint. Nevertheless, Rule 59(e) is an inappropriate basis for Amtrak's motion because this Court's April 8, 1986 order can-

not be characterized as a final judgment. Likewise, Rule 60(a) is an incorrect basis for Amtrak's motion because the April 8, 1986 opinion's failure to address prejudgment interest cannot be characterized as a "clerical mistake."

■ The school districts' argument that Amtrak's motion is untimely under Rule 59(e) is erroneous because Rule 59(e) only applies to "final" judgments. As the Rule 54(a) definition makes clear: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Rule 59(e) is inapplicable because the Court's April 8 order was an interlocutory judgment, not a final judgment. In fact, Rule 54(b) specifically prohibits an appeal from the Court's April 8 order unless two conjunctive criteria are met. Rule 54(b) provides in pertinent part:

**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an express determination that there is no just reason for delay *and* upon an express direction for the entry of judgment. (Emphasis added.)

Since this case includes a third-party claim, as well as multiple parties, the Court's April 8, 1986 order is not a final judgment within the meaning of the Federal Rules of Civil Procedure. Hence, Rule 59(e) is inapplicable to Amtrak's motion to amend.

■ Amtrak's proffer of its motion under Rule 60(a) is likewise incorrect. Although Rule 60(a) by its terms applies to both judgments and orders, case law demonstrates that, in the context of discretionary prejudgment interest, the failure to make such an award is not a "clerical mis-

---

**4.** Section 546b granted Amtrak an exemption from all state and local taxes "from and after October 1, 1981."

take." *See, e.g., In re Frigitemp Corp.,* 781 F.2d 324 (2d Cir.1986) (judgment's failure to award discretionary prejudgment interest may not be regarded as a Rule 60(a) clerical mistake); *Lee v. Joseph E. Seagram & Sons, Inc.,* 592 F.2d 39 (2d Cir. 1979) (same).[5]

■ Since Rule 59(e) and Rule 60(a) are incorrect bases for Amtrak's present motion, the Court has determined that Amtrak's motion to amend is properly cognizable under Rule 54(b). Rule 54(b) provides in pertinent part:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision* at any time *before the entry of judgment adjudicating all the claims* and the rights and liabilities *of all the parties.* (Emphasis added.)

Therefore, pursuant to Rule 54(b), Amtrak's motion to amend should have been styled as a motion to "revise" this Court's April 8, 1986 order.

### 2. Prejudgment Interest Variables.

The function of prejudgment interest is "to reimburse the claimant for the loss of the use of its investment or its funds from the time of the loss until judgment is entered." *Berndt v. Kaiser Aluminum & Chemical Sales Inc.,* 789 F.2d 253, 259 (3d Cir.1986) (quoting *Arco Pipeline Co. v. SS Trade Star,* 693 F.2d 280, 281 (3d Cir.1982). In addition to making the claimant whole, another purpose of prejudgment interest is to prevent unjust enrichment. *See, e.g., Nedd v. United Mine Workers of America,* 488 F.Supp. 1208, 1220 (M.D.Pa.1980), *aff'd sub nom., Ambromovage v. United Mine Workers of America,* 726 F.2d 972 (3d Cir. 1984). Here, Amtrak has been denied the use of the monies withheld by the County and City, who have been unjustly enriched by the opportunity to make use of these funds until they are refunded to Amtrak.

Although the award of prejudgment interest in this case is within the Court's discretion because § 546b is silent on this issue, discretionary prejudgment interest is commonly awarded. *See, e.g., Slater v. Texaco Inc.,* 506 F.Supp. 1099, 1115–16 (D.Del.1981). Indeed, "prejudgment interest should be awarded in the absence of exceptional or peculiar circumstances." *Id.* at 1116. Nonetheless, when the plaintiff or claimant is solely responsible for delaying in bringing the litigation to fruition, courts have reduced or denied prejudgment interest. *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.,* 566 F.Supp. 1558, 1581 (D.Del.1983) (plaintiff's delay, *inter alia,* is grounds for reduction or denial of prejudgment interest); *E.M. Fleischmann Lumber Corp. v. Resources Corp. Int'l,* 114 F.Supp. 843, 845 (D.Del.1953), *aff'd,* 211 F.2d 204 (3d Cir.1954) (when plaintiff causes a period of delay, "considerations of fairness and justice" require elimination of that period).

In addition to the three major periods during this litigation where the Court believes Amtrak unreasonably delayed, other factors are present which warrant reduction, if not elimination, of Amtrak's prejudgment interest award. First, although Amtrak's complaint contained the boilerplate recitation for interest, Amtrak did not ask for prejudgment interest in this case until its April 25, 1986 motion to amend, seventeen days after the Court entered an interlocutory judgment in Amtrak's favor. Second, after proferring this motion, Amtrak did not include any evidence whatsoever of the periods which it is entitled to prejudgment interest, the rate of prejudgment interest, or its cost of funds. Third, as discussed earlier, Amtrak failed to

---

**5.** In *Glick v. White Motor Co.,* 458 F.2d 1287 (3d Cir.1972), the Third Circuit held that if a party is entitled to prejudgment interest as a matter of right, the judgment can be corrected under Rule 60(a). *Glick* is clearly distinguishable from this case because the prejudgment interest in *Glick* was "mandatory" whereas the prejudgment interest awarded in this case is "discretionary." *Glick's* decision permitting the award of mandatory prejudgment interest pursuant to a Rule 60(a) motion was expressly reaffirmed in *Hayden v. Scott Aviation Inc.,* 684 F.2d 270 (3d Cir.1982).

ground its motion under the proper Rule of Civil Procedure. Fourth, and most egregious, Amtrak obfuscates its argument by advancing the completely untenable assertion that Delaware state law governs the award of prejudgment interest on an exclusively federal cause of action.

■ Despite the Court's consternation over the manner in which Amtrak has pursued its claim, the Court will award Amtrak prejudgment interest for those periods when its claim was being actively pursued. The Court is loath to rely on the above mentioned factors to completely deny Amtrak prejudgment interest.

### 3. Prejudgment Interest Period.

■ Amtrak contends prejudgment interest should begin accruing on October 22, 1982. This was the date Amtrak by letter advised both the County and City that Pub.L. 97–257 (codified at 45 U.S.C. § 546b) was enacted granting Amtrak an exemption from all state and local taxes after October 1, 1981. (D.I. 35, Attachments 1 & 2.) However, this letter did not make a request for a refund of taxes paid. Rather, the October 22, 1982 letter only requested that the County and City list Amtrak's property as tax exempt. Accordingly, prejudgment interest cannot begin accruing on this date because no formal demand or request for a refund was made by Amtrak. Amtrak's next communication with the County and City was by letter dated April 18, 1983. (*Id.*, Attachments 3 & 4.) This letter was the first communication by Amtrak to the County and City which formally requested a refund. Thus, the Court will begin to accrue prejudgment interest from this date.

■ Although Amtrak requested a refund on April 18, 1983, and no refund was forthcoming from either the County or City, Amtrak nonetheless delayed until October 1, 1984 until filing its complaint. The Court views this seventeen and one-half month period as excessive. This really was a very simple dispute; either Amtrak was going to voluntarily obtain a refund or it was not. Therefore, the Court finds that six months is a reasonable period to wait before filing a complaint in this action. Since the Court deems that Amtrak should have filed this complaint no later than October 18, 1983, six months after it formally requested a refund, the Court will only award prejudgment interest for this six-month period. Therefore, the Court will decline to award prejudgment interest from the period October 19, 1983 through September 30, 1984.

■ After Amtrak filed this complaint on October 1, 1984, the answer, third-party complaint, and counterclaim were subsequently filed. The last recorded activity occurred on November 26, 1984, less than two months after the complaint was filed, when three school districts filed an answer to the County's third-party complaint. No subsequent discovery took place. In fact, there was no activity in this case until October 10, 1985 when this Court wrote counsel noting that "the case is a prime candidate for dismissal [under] Local Rule 5.2." Five days later, on October 15, 1985, Amtrak filed its motion for summary judgment.

Thus, this case remained dormant from November 26, 1984 through October 15, 1985, a period of almost eleven months. This Court finds that Amtrak should have filed its motion for summary judgment no later than one month after the last activity preceding its motion. Accordingly, the Court deems that Amtrak should have filed its motion for summary judgment no later than December 26, 1984. Thus, the Court will only award prejudgment interest for the second period from October 1, 1984, the date the complaint was filed, through December 26, 1984, the date Amtrak should have filed its motion for summary judgment. In so ruling, the Court is excluding the period from December 27, 1984 through October 14, 1985 from the prejudgment interest calculation. Amtrak's delay was inexcusable and the Court will not permit Amtrak to receive the benefit of prejudgment interest for the periods it was dilatory in prosecuting this action.

■ The final period for which this Court will award prejudgment interest is from October 15, 1985, the date Amtrak

filed its motion for summary judgment, through April 8, 1986, the date the Court granted Amtrak's motion for summary judgment against the County and the City. The Court will not award prejudgment interest to Amtrak for the period from April 8, 1986 to the date of this opinion. This is because the Court finds that Amtrak should have included its request for prejudgment interest along with its motion for summary judgment. The Court will not penalize the County and City for Amtrak's inexcusable delay in bringing the prejudgment interest motion before the Court.[6] The three periods where Amtrak delayed in pursuing its claim for a tax refund, as well as for prejudgment interest, do not constitute the vicissitudes of litigation.

█ In its answering brief, the County contends that any prejudgment interest awarded should not begin accruing until October 1, 1984, the date Amtrak filed its complaint, because Amtrak never formally requested a refund. The basis for the County's argument is 9 *Del.C.* § 8618, which provides in pertinent part:

> **Refund of County Taxes Paid in Error.** County taxes paid through error or by mistake may be refunded by the county government of the county in which the taxes were paid as follows:
>
> (1) the person claiming a refund of taxes shall file with the county government a request for refund under oath or affirmation.

Apparently, the County views Amtrak's April 18, 1983 letter as lacking the formali-

ty requirement contained in § 8618. The County's position is unmeritorious because the plain wording of the statute applies to "taxes paid in error." This is not the situation here; Amtrak paid taxes pursuant to a legal obligation, then was granted a subsequent exemption from state and local taxes. Public Law 97–257 (codified at 45 U.S.C. § 546b) became effective on September 10, 1982 and retroactively applied to the period October 1, 1981 through June 30, 1982. Hence, at the time Amtrak paid its taxes, they were paid pursuant to a valid County assessment and were therefore not "paid in error."

**4. Prejudgment Interest Rate.**

█ "The rate of prejudgment interest ... awarded is also within the firm discretion of the Court and should be set with regard to the particular circumstances of the case." *Slater,* 506 F.Supp. at 1116. Additionally, "the district court should endeavor to take account, to the greatest extent possible, of the prevailing interest rates and the actual cost to the plaintiff of borrowing money." *Id.* Although Amtrak has neglected to proffer any evidence regarding its cost of borrowing funds, Amtrak's Assistant General Counsel represented to the Court at oral argument that Amtrak invests its excess funds in 52–week Treasury bills. In exercising its discretion to award prejudgment interest, this Court will award interest at the rate provided in 28 U.S.C. § 1961, which governs the award of postjudgment interest. This is because § 1961 uses the average accepted auction

6. Recognizing that these dates in expository form may be difficult for the reader to follow, the Court has prepared the following capsulized chronology:

10/22/82—General letter from Amtrak to County and City advising them *re* Pub.L. 97–257, but making no request for a refund

4/18/83—Amtrak formally requests a refund by letter to County and City

10/18/83—Date this Court deems the complaint should have been filed (reasonable time = six months after request for refund)

10/1/84—Date complaint filed

11/26/84—Three school districts file answer to County's third-party complaint (date last answer filed—no discovery took place)

12/26/84—Date this Court deems that Amtrak should have filed its motion for summary

judgment (reasonable time = one month after case ripe for summary judgment motion)

10/10/85—Court writes counsel noting inactivity in the case

10/15/85—Amtrak files motion for summary judgment

4/8/86—Court grants Amtrak's motion for summary judgment against the County and City; County's third-party complaint remains outstanding

Exercising this Court's discretion, Amtrak will be awarded prejudgment interest for the periods from 4/18/83 to 10/18/83, from 10/1/84 to 12/26/84, and from 10/15/85 to 4/8/86. This award backs out from the prejudgment interest computation the three periods where Amtrak was solely responsible for substantial delay in prosecuting this action.

price for the last auction of 52–week U.S. Treasury bills. This interest rate represents Amtrak's "opportunity cost" of foregone investments. *See generally*, P. Samuelson, *Economics* 474–75 (10th ed. 1976). The Court will apply the § 1961 rate set immediately prior to the three periods for which it is awarding prejudgment interest. The Court will also permit compounding at the end of each period. The tables attached as Appendix A and Appendix B to this opinion set forth the Court's calculation of prejudgment interest for both the County and City.

## POSTJUDGMENT INTEREST

[14] In Amtrak's opening brief in support of its motion to amend, Amtrak contends that it is entitled to an award of postjudgment interest at the legal rate established by Delaware law. (D.I. 29 at 4.) Though the Court need not address the issue of postjudgment interest, a brief discussion is necessary to clarify the confusion generated by Amtrak's disingenuous contention. Since this case culminated in a money judgment recovered in a federal district court, postjudgment interest is governed by the mandatory provisions contained in 28 U.S.C. § 1961.

Section 1961 provides in pertinent part: (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

Accordingly, postjudgment interest will be calculated from the date of the entry of this judgment against the County and City. The interest rate will be 7.03%.

## CERTIFICATION

■ The resolution of Amtrak's claim against the County and City leaves only the third party action, which is essentially one for reimbursement, unresolved. Since the County's third-party claim against the school districts is wholly unrelated to the § 546b main claim on which Amtrak received summary judgment, the Court concludes that there is no just reason for delay in entering a final judgment on Amtrak's cause of action. This is so because the main claim has already been decided. *See, e.g., Kalmanovitz v. G. Heileman Brewing Co. Inc.*, 595 F.Supp. 1385, 1403 (D.Del. 1984) (where only one claim remains to be resolved between two of the multiple parties, there is no just reason to delay entering final judgment on the claims previously decided).

Thus, the Court finds that the County's reimbursement claim against the school districts is unrelated to the issues previously resolved in this suit. It would be unduly harsh to delay entering a final judgment on Amtrak's victorious claim against the County and the City. Accordingly, the Court will enter a Rule 54(b) certification on the main claim in this case.

A final judgment in accordance with Rule 54(b), Fed.R.Civ.P., will be entered in accordance with this opinion.

## APPENDIX A

### COUNTY'S PREJUDGMENT INTEREST
(Compounded At End Of Each Period)

| Time Period | Award | Principal | § 1961 Rate | # of Days | Portion of 1 Year | Interest |
|---|---|---|---|---|---|---|
| 4/18/83–10/18/83 | $34,757.47 | $34,757.47 | 8.98% | 6 mos. | .50 | $1,560.61 |
| 10/1/84–12/26/84 | | 36,318.08 | 11.36% | 87 | .24 | 990.18 |
| 10/15/85–4/8/86 | | 37,308.26 | 7.87% | 176 | .48 | 1,409.36 |
| TOTALS: | $34,757.47 | | | | | $3,960.15 |

TOTAL INCLUDING INTEREST: $38,717.62

APPENDIX B

CITY'S PREJUDGMENT INTEREST
(Compounded At End Of
Each Period)

| Time Period | Award | Principal | § 1961 Rate | # of Days | Portion of 1 Year | Interest |
|---|---|---|---|---|---|---|
| 4/18/83–10/18/83 | $28,694.54 | $28,694.54 | 8.98% | 6 mos. | .50 | $1,288.38 |
| 10/1/84–12/26/84 | | 29,982.92 | 11.36% | 87 | .24 | 817.45 |
| 10/15/85–4/8/86 | _____ | 30,800.37 | 7.87% | 176 | .48 | 1,163.51 |
| TOTALS: | $28,694.54 | | | | | $3,269.34 |

TOTAL INCLUDING INTEREST:  $31,963.88