**SUN SHIP, INC., Appellant and Cross-Appellee,**

v.

**MATSON NAVIGATION CO., Appellee and Cross-Appellant.**

**Nos. 85–1280, 85–1292.**

United States Court of Appeals, Third Circuit.

Argued Jan. 17, 1986.

Decided March 4, 1986.

Jeffery C. Hayes (argued), Michael T. Scott, Richard W. Foltz, Jr., James J. Ferrelli, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun Ship, Inc.

David P. Bruton (argued), Alfred W. Putnam, Jr., Drinker Biddle & Reath, Philadelphia, Pa., for Matson Navigation Co.

Before SEITZ and GIBBONS, Circuit Judges, and GERRY, District Judge.*

### OPINION OF THE COURT

GIBBONS, Circuit Judge:

Sun Ship, Inc. (Sun) appeals, and Matson Navigation Co. (Matson) cross-appeals from a final judgment affirming an arbitration award. Sun contends that the district court should not have confirmed the award because the arbitrators resolved a dispute they had no authority to consider and because they included in the award interest to the date of the awards at the prime rate instead of the Pennsylvania statutory rate. Matson contends that the district court erred in refusing to include in the judgment interest from the date of the award to the date of the judgment and in refusing to award legal fees. Matson also contends

---

* Hon. John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

that it should be awarded fees, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, for resisting Sun's appeal in this court. We affirm in Sun's appeal, reverse in Matson's appeal, and remand for the determination of a proper award of interest and attorneys' fees.

## I.

### District Court Proceedings

Sun is a shipbuilder. Matson owns and operates vessels. The parties entered into a contract under which Sun agreed to reconstruct one of Matson's vessels to make it suitable for carrying containerized cargo. This reconstruction involved cutting the vessel in half and inserting an additional center section. The contract price was $30,624,500, but it allowed Matson to make changes in the work to be performed. A redelivery date of December 31, 1981 was specified but because Matson could make changes in the work to be performed the contract provided for increases in price and extensions of the redelivery date. The contract also provided that, if Sun and Matson could not agree as to the effect of a specification change, Matson would make progress payments in accordance with Sun's estimate leaving the final price to be determined by arbitration. The arbitration clause also covered disputes over adjustment of the redelivery date. That date was significant because the contract required Sun to pay Matson $10,000 per day in liquidated damages for every day of unexcused delay. The arbitration clause provides in relevant part,

> In the event of *any dispute or difference as to any matter or thing between Matson and Shipbuilder arising out of or relating to the Contract or any stipulation in the Contract* which cannot be settled by Matson and Shipbuilder, Matson and Shipbuilder shall submit the matter in dispute to arbitration. Any such arbitration shall be conducted in accordance with the procedure set forth in the Federal Arbitration Act, 9 U.S.C. section 1 *et seq.* ... The decision of the three arbitrators ... shall be final, conclusive,

and binding upon Matson and Shipbuilder.

Joint Appendix at 44–45 (emphasis supplied).

Matson made a number of specification changes. Disputes over three of these changes required resolution by arbitration and gave rise to the present appeal. Following an intensely contested arbitration, a three-member arbitration panel found that Matson had overpaid Sun $1,794,157 for the cost of the contract changes and that Sun had been 145 days late in redelivering the vessel. Joint Appendix at 25–26. The arbitrators therefore awarded Matson $1,794,-157 plus interest at the prime rate from the time of Matson's overpayment of progress payments and $1,450,000 plus interest at the prime rate from thirty days after June 11, 1982—the redelivery date. Joint Appendix at 26–27.

Sun petitioned the district court to vacate the arbitration award, arguing that the arbitrators had exceeded their authority in several respects. Matson cross-petitioned seeking enforcement of the award, an award of prejudgment interest, and an award of counsel fees incurred at the district court proceedings. The district court enforced the award but denied both Matson's request for legal fees and its request for prejudgment interest for the period of time between the award and the judgment enforcing it. *See Sun Ship, Inc. v. Matson Navigation Co.,* 604 F.Supp. 1223 (E.D.Pa. 1985). This appeal and cross-appeal followed.

## II.

### Sun's Appeal

Although Sun objected to the arbitrator's award on several grounds, it pursues only two grounds here. First, it contends that in awarding prejudgment interest at the prime rate the arbitrators exceeded their authority. Prejudgment interest, under Pennsylvania law, Sun urges, is limited to the statutory rate, *see* Pa.Stat.Ann. tit. 41, § 202 (Purdon Supp.1985), on both the overpayment and the liquidated damages

awards. Second, Sun contends that the arbitrators exceeded their authority in awarding any pre-award interest on the overpayments because a refund of the overpayments was not due under the contract until an arbitration award was made.

■ Both contentions are frivolous. The arbitration clause quoted above is extremely broad. The parties' understanding of the scope of the arbitrators' authority is set forth in a joint letter of instructions from Sun and Matson to the arbitration panel. That letter advised that the arbitrators were to answer a specific set of enclosed questions, but they need· not calculate a final award. On interest calculations the letter stated,

> Specifically, you will note that the Questions do not require the Panel to compute any interest amounts, but only, in the event the Panel finds that interest is owing, to set forth the bases for any such computations. Thus, the Panel has been asked to "state or describe" the relevant interest rate and the date or dates from which any interest should commence. The rate may be stated as a percentage (*e.g.*, 6%) or, if appropriate, described by reference to an objective standard (*e.g.*, prime plus 2). Similarly, the commencement date may be stated as a single day, or by reference to other events (*e.g.*, dates of payment or· the date of redelivery).

Joint Appendix at 116–17. Nine questions were submitted to the arbitrators. Of these, four inquired whether, with respect to elements of its claim, Matson was entitled to interest for any period prior to the entry of the award. All four questions proceed by asking, "If so, state or describe the rate at which such interest should be calculated, and state or describe the date or dates from which such interest should commence· prior to entry of the Award." Joint Appendix at 119–20. In the portions of the award about which Sun now complains, the arbitrators did precisely what Sun and Matson instructed them to do. Entirely aside from the arbitration clause in the contract, therefore, Sun and Matson submitted to the arbitrators the very questions that Sun now says should not have been answered. Even assuming the questions went beyond the arbitration provisions of the contract,

> once the parties have gone beyond their promise to arbitrate and have supplemented the agreement by defining the issue to be submitted to an arbitrator, courts must look both to the contract and to the submission to determine his authority, *see Washington-Baltimore Newspaper Guild, Local 35 v. The Washington Post Co.*, 442 F.2d 1234, 1236 (D.C.Cir.1971).

*Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 302 (3d Cir.1982).

■ Even if resolution of the issue depended solely upon an interpretation of the contract alone Sun would fare no better. A district court's review of an arbitration award is circumscribed by 9 U.S.C. § 10 (1982). That statutory provision limits the court's role to determining whether the parties received a fair and honest hearing on a matter within the arbitrators' authority. *See Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125, 1129–31 (3d Cir.1972). The court may not take issue with the arbitrators' interpretation of the contract. *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 203 n. 4, 76 S.Ct. 273, 276 n. 4, 100 L.Ed. 199 (1956). Nor can it consider whether the arbitrators committed an error of law. *See Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1127–28 (3d Cir.1969).

■ Thus we find no merit in Sun's appeal. Indeed in light of the submission to the arbitrators we deem it to be so frivolous as to fall within that narrow category of appeals that Rule 38 of the Federal Rules of Appellate Procedure is designed to discourage.

### III.

#### Matson's Appeal

##### A. *Interest*

■ The district court confirmed an award to Matson of $4,274,864.88. That

award was originally made by the arbitration panel on January 10, 1985. The district court judgment was entered on March 29, 1985. The court refused to include interest on the $4,274,864.88 for the intervening seventy-eight days in the apparent belief that it was bound by the arbitrators' calculation of prejudgment interest. This ruling was a legal error. The arbitrators were concerned with interest to the date of their award. They lacked authority to decide the entirely separate question of prejudgment interest on the amount confirmed by the district court judgment. A confirmed arbitration award made under the Federal Arbitration Act, as this one was, bears interest from the date of the award not from the date of the judgment confirming it. *See Marion Manufacturing Co. v. Long,* 588 F.2d 538, 542 (6th Cir.1978); *see also Lundgren v. Freeman,* 307 F.2d 104, 112 (9th Cir.1962) (applying Oregon law).

While interest clearly was due for the disputed seventy-eight day period, the rate of interest that should be applied is somewhat less clear. Matson urges that the floating market rate provided for in 28 U.S.C. § 1961 (1982) is appropriate. Sun would prefer the lower Pennsylvania statutory rate of six percent. *See* Pa.Stat.Ann. tit. 41, § 202 (Purdon Supp.1985).

■ The postjudgment interest rate specified in 28 U.S.C. § 1961 (1982) does not by its own operation apply to prejudgment interest. *See Jarvis v. Johnson,* 668 F.2d 740, 741 n. 1 (3d Cir.1982). The inapplicability of section 1961 does not, however, require the result that Pennsylvania law governs. In federal question cases, the rate of prejudgment interest is committed to the discretion of the district court. *See, e.g., Eazor Express, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers,* 520 F.2d 951, 972–73 (3d Cir.1975) (affirming award of prejudgment interest in breach of labor contract case), *cert. denied,* 424 U.S. 935, 96 S.Ct. 1149, 47 L.Ed.2d 342 (1976). Thus the applicable rate turns on whether this is a federal question case. We hold that it is. Although there is diversity of

citizenship between Sun and Matson, Sun's action is to set aside, and Matson's action is to confirm, an arbitration award made pursuant to a contract that is both a maritime transaction and a contract in interstate commerce as defined by the Federal Arbitration Act. *See* 9 U.S.C. § 1 (1982). Thus both claims arise under the Federal Arbitration Act. *See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 401, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 (1967).

Interest should therefore be awarded on the $4,274,864.88 arbitration award for the seventy-eight day period, and because the rate to be charged is a matter of district court discretion the case must be remanded for a determination of an appropriate rate of interest. In exercising that discretion, however, the court may be guided by the rate set out in 28 U.S.C. § 1961 (1982). *See EEOC v. Wooster Brush Co. Employers Relief Association,* 727 F.2d 566, 579 (6th Cir.1984); *see also Arco Pipeline Co. v. SS Trade Star,* 693 F.2d 280, 281 (3d Cir.1982). In addition it should be noted that 28 U.S.C. § 1961 (1982) provides for postjudgment interest and that that interest should be calculated on the amount of the district court's judgment—that is $4,274,-864.88 plus prejudgment interest.

### B. Attorneys' Fees

Contending that Sun's primary reason for bringing the petition to vacate the arbitration award was to avoid, in a period of high interest rates, the prompt payment of that award, Matson sought to recover the costs and attorneys' fees it incurred in the district court. Matson relied on Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 (1982). The court ruled that "[e]ach party should bear its own legal expenses as determined by the award of arbitrators dated December 5, 1984." *Sun Ship, Inc. v. Matson Navigation Co.,* No. 85–0141, 1223 (E.D.Pa. March 27, 1985) (order confirming arbitrators' award), *reprinted in* Joint Appendix at 150–51. The contract provides that the arbitrators may assess the cost of arbitration, but each party shall bear its own attorneys' fees. Joint

Appendix at 45. The arbitrators split the cost of arbitration equally. *Id.* at 28.

If Matson were seeking the recovery of attorneys' fees pursuant to a contract requiring their payment, the district court's ruling would be correct. The basis of Matson's application, however, was not the contract, but Sun's conduct in the lawsuit. The arbitration award did not and could not deal with that matter.

■ The award of costs and attorneys' fees under Rule 11 or section 1927 is a matter committed to the district court's discretion. *See Kane Gas Light & Heating Co. v. International Brotherhood of Firemen & Oilers,* 687 F.2d 673, 682–83 (3d Cir.1982), *cert. denied,* 460 U.S. 1011, 103 S.Ct. 1251, 75 L.Ed.2d 480 (1983); *Mobil Oil Corp.,* 679 F.2d at 305. A challenge to the jurisdiction of arbitrators after the parties had submitted the case to arbitration has been recognized as a ground for awarding attorneys' fees where the challenge was brought in bad faith. *See Teamsters Local Union No. 764 v. J.H. Merritt & Co.,* 770 F.2d 40, 43 n. 2 (3d Cir.1985). The district court in this case, erroneously relying on the decision of the arbitrators, never exercised discretion with respect to Matson's request for a fee award. Thus that request must be remanded to the district court for its consideration. In considering whether Rule 11 sanctions are warranted the district court should note that the standard for imposing Rule 11 sanctions has changed since the rule was amended in 1983. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829–32 (9th Cir.1986).

### IV.

#### Costs and Fees on this Appeal

■ Rule 38 provides that, "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Fed.R.App.P. 38. Rule 38 focuses on the merits of the appeal regardless of good or bad faith. *See In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 517 (2d Cir.), *cert.*

*denied,* —— U.S. ——, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985). This court has been reluctant to classify as frivolous colorable arguments on appeal even when we have found them to be without merit. *See, e.g., Mid-Jersey National Bank v. Fidelity-Mortgage Investors,* 518 F.2d 640, 642 n. 1 (3d Cir.1975). The present case, however, is one requiring a Rule 38 award. Sun agreed in writing to submit a precise question to the arbitrators. The question was decided adversely. Sun resisted enforcement of the award, and then pursued an appeal contending that the arbitrators acted outside their authority. Sun has pursued, therefore, an appeal that from the beginning was utterly without merit. *See Thompson v. Tega-Rand International,* 740 F.2d 762, 764 (9th Cir.1984). Hence, we hold that an award of attorneys' fees, which Matson incurred in defending Sun's appeal, and an award of double the costs incurred in defending that appeal should be imposed. Because the case is being remanded to the district court for further proceedings, we will direct that Matson submit to that court a petition setting forth its fees and costs incurred in defending this appeal so that the district court may calculate the amount due. That amount shall then be added to the judgment with post-judgment interest calculated from the date of the Rule 38 award.

#### Conclusion

In Sun's appeal the judgment appealed from will be affirmed. In Matson's appeal the judgment appealed from will be affirmed with regard to the arbitration award and reversed with regard to the award of prejudgment interest and attorneys' fees. The case, therefore, is remanded for further proceedings consistent with this opinion. Matson's Rule 38 motion will be granted with a direction that the amount of attorneys' fees and double costs be determined by the district court and added to the judgment.