**AUTOMATIC LIQUID PACKAGING, INC., Plaintiff–Appellant,**

v.

**Jack E. DOMINIK, Defendant–Appellee.**

No. 87–3144.

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1988.

Decided July 27, 1988.

William Henry Barrett, Fox and Grove, Chicago, Ill., for plaintiff-appellant.

Patrick W. O'Brien, Mayer Brown & Platt, Chicago, Ill., for defendant-appellee.

Before POSNER, MANION, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

Before us is the appeal of Automatic Liquid Packaging, Inc., a closely held manufacturing corporation that was incorporated in 1968 with the assistance of its lawyer, Jack Dominik. In exchange for his services Dominik was allowed to buy a substantial block of shares in the new company. He drafted an agreement whereby for ten years any shareholder who either wanted to sell his shares or ceased to be employed by the company would have to offer his shares to the company at a price determined by a formula in the agreement. Dominik, the only shareholder not actually employed by the company, explained to the other shareholders that "termination of employment" (the term used in the agreement) meant "leaving the service of the Company," and that the purpose of the agreement was to ensure that ownership of the company would "remain with the employees or persons working closely with the Company," i.e., himself.

The company claims that sometime before the agreement was to expire in 1978—precisely when is a matter of sharp dispute and considerable uncertainty—Dominik ceased to be its lawyer and it asked him to tender his shares to it in accordance with the agreement. He promised that he would do so some time, but he never did, and eventually the company brought this diversity suit, which charges him with breaking the 1968 agreement. It also charges him with committing fraud and violating his fiduciary obligations, the argument here being that Dominik, as the company's lawyer back in 1968, acted unethically in drafting an agreement unduly favorable to himself and later in promising to tender his shares in accordance with the agreement but never doing so. The complaint seeks an order that Dominik tender his shares. He takes the position that the 1968 agreement expired before he ceased to be the company's lawyer and that he never acted unethically in the matter, and has counterclaimed. The district court granted summary judgment for Dominik on the company's complaint and entered

final judgment for the company under Fed. R.Civ.P. 54(b), but made no ruling on Dominik's counterclaim.

■ The first and only question we consider is whether we have jurisdiction over the appeal. Rule 54(b) authorizes the district judge "to direct the entry of a final judgment as to one or more but fewer than all of the claims...." (A final judgment, of course, is appealable. 28 U.S.C. § 1291.) If none of the claims in Automatic Liquid Packaging's complaint that are before us is duplicated in Dominik's counterclaim, the order dismissing the complaint is appealable. See *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 9, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). But if complaint and counterclaim contain the same claim, the condition for the entry of a final judgment under Rule 54(b) is not satisfied, and we have no appellate jurisdiction over a decision disposing of just the complaint; for "two claims are not separate for purposes of Rule 54(b) merely because one is in the complaint and the other in the countercomplaint." *In re Berke*, 837 F.2d 293 (7th Cir.1988); see also *National Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir.1986).

A theory is not a claim, *id.* at 821; *A/S Apothekernes Laboratorium for Specialpraeparater v. I.M.C. Chemical Group, Inc.*, 725 F.2d 1140 (7th Cir.1984); *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir.1978); *United States v. Crow, Pope & Land Enterprises, Inc.*, 474 F.2d 200, 202 (5th Cir. 1973); *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir. 1963), and, in this circuit at least, even two distinct claims are but one for purposes of Rule 54(b) if they "have a significant factual overlap," *National Metalcrafters v. McNeil, supra*, 784 F.2d at 821; see also *Federal Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 664 (7th Cir.1986); *Exchange National Bank v. Daniels*, 763 F.2d 286, 291, modified on other grounds, 768 F.2d 140 (7th Cir.1985); *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 702 (7th Cir.1984). Although the "significantly differing facts" test set forth in the cases just cited has been criticized, see Note,

*Multiple Claims Under Rule 54(b): A Time for Reexamination*, 1985 Brigham Young U.L.Rev. 327, this is not the case in which to reexamine it. The factual overlap between ostensibly separate claims is so great here that a decision on the merits of one would be res judicata as to the other— and many cases, not only in this circuit, hold that two claims cannot be separate if together they constitute a single cause of action for res judicata purposes. *Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 200 (7th Cir.1983); *Local P–171, Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065, 1070–71 (7th Cir.1981); *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1109 (7th Cir.1984); *Tolson v. United States*, 732 F.2d 998, 1001 (D.C.Cir.1984); *Gold Seal Co. v. Weeks*, 209 F.2d 802, 807–11 (D.C.Cir.1954); *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 69 (2d Cir.1973) (Friendly, J.); *Rieser v. Baltimore & Ohio R.R.*, 224 F.2d 198, 199 (2d Cir.1955).

■ Under these decisions the district court cannot enter a final judgment dismissing a defense to a complaint while the complaint itself remains unresolved, since claim and defense are part of the same cause of action. See *National Metalcrafters v. McNeil, supra* 784 F.2d at 821; *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 182–83 (2d Cir.1978) (Friendly, J.). However, this result can be challenged where the defense is presented by way of counterclaim, as in this case. See 6 Moore's Federal Practice ¶ 54.33[2] at pp. 54–195 to 54–196 (2d ed. 1987). As originally promulgated in 1939, Rule 54(b) allowed the entry of a final judgment "upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim." Final judgment therefore could not be entered on the complaint if a compulsory counterclaim was pending. See Fed.R. Civ.P. 13(a). The rule was amended in 1946 to drop the reference to "[same] transaction or occurrence," and this led the Supreme Court, in *Cold Metal Process Co. v. United Engineering & Foundry Co.*,

351 U.S. 445, 452, 76 S.Ct. 904, 908, 100 L.Ed. 1311 (1956), to remark that "the amended rule ... treats counterclaims, whether compulsory or permissive, like other multiple claims"; therefore, "if the District Court certifies a final order on a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable." Yet if the pending claims arise out of the same transaction or occurrence, not only is there bound to be substantial factual overlap but it is highly likely that all the claims are a single claim for purposes of res judicata.

The counterclaim left behind in the district court in *Cold Metal Process* arose only "in part" from the same transaction or occurrence as the claim involved in the Rule 54(b) appeal. See 351 U.S. at 446, 76 S.Ct. at 905. This is a clue that *Cold Metal Process* is perhaps best read as merely rejecting an approach that would *automatically* preclude a Rule 54(b) appeal if *any* claim remaining in the district court could be thought to arise in whole or part from the same "transaction or occurrence" as the claim under appeal—an approach that could not be squared with the amended rule. But if the overlap between appealed and retained claims is so extensive that the court of appeals faces a substantial prospect of piecemeal, repetitive appeals, and even more clearly if the overlap is so complete that the claims could not have been maintained as separate actions without running afoul of the rule of res judicata that forbids the splitting of a single claim, it is not a case of multiple claims and Rule 54(b) is inapplicable.

Dominik's counterclaim is in three counts. The last two are unproblematic from the standpoint of Rule 54(b) because they complain of misconduct that occurred after Automatic Liquid Packaging sued—mainly, the allegedly oppressive conduct of the litigation itself. There is some factual overlap between these counts and the complaint but not enough to preclude the entry of a final judgment on the complaint. See *Minority Police Officers Ass'n v. City of South Bend, supra,* 721 F.2d at 200. The same cannot be said with regard to Count I, which requests a declaration that Dominik has a clear title to his stock, and is thus the mirror image of the complaint. The complaint seeks an order that Dominik sell back his stock to the company in accordance with the restrictions in the 1968 agreement. Count I of the counterclaim seeks an order that the company void any such restrictions on Dominik's stock, because the agreement (he believes) expired before he violated them and therefore he now owns the stock free and clear. If the complaint fails, Count I of the counterclaim must succeed, and vice versa. They are the same claim, expressing the parties' opposed interpretations of the 1968 agreement, though configured as a plaintiff's claim in the complaint and as a defense masquerading as a positive claim for relief in the counterclaim. Compare *Seaboard Machinery Corp. v. Seaboard Machinery Corp.,* 267 F.2d 178 (2d Cir.1959); *Western Geophysical Co. v. Bolt Associates, Inc.,* 463 F.2d 101, 103 n. 2 (2d Cir.1972) (Friendly, J.).

At oral argument counsel for both parties conceded that a decision on the merits of the complaint would determine the outcome of Count I of the counterclaim by operation of res judicata. And the counterclaim is very much alive (unlike the situation in *American Family Mutual Ins. Co. v. Jones,* 739 F.2d 1259, 1262 n. 1 (7th Cir.1984)), since, if the company were to prevail on the merits in this court, it would immediately move for entry of judgment on Count I of Dominik's counterclaim. The relationship between the claim sought to be appealed and the claim pending in Count I of the counterclaim—the fact that they are one claim for purposes of res judicata—precludes the application of Rule 54(b). The appeal is not within our jurisdiction and is therefore

Dismissed.