**AMERICAN HOSPITAL SUPPLY CORPORATION and Baxter–Travenol Laboratories, Inc., Plaintiffs,**

v.

**FISHER SCIENTIFIC COMPANY, A SUBSIDIARY OF ALLIED CORPORATION, Defendant.**

**No. 84 C 8634.**

United States District Court, N.D. Illinois, E.D.

Jan. 30, 1989.

James Van Santen, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for plaintiffs.

Robert B. Jones, Timothy E. Levstik and David A. Crossman, Fitch, Even, Tabin & Flannery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs American Hospital Supply Corporation ("American Hospital") and Baxter Travenol Laboratories, Inc. ("Baxter") brought this seven-count action charging defendant Fisher Scientific Company ("Fisher") with violating federal and state trademark laws and various common law duties by producing and selling certain orange-colored plastic bags used by medical facilities for the disposal of biohazardous materials. In addition to denying liability under plaintiffs' claims, Fisher charges in a series of counterclaims that plaintiffs fraudulently registered the trademarks. Fisher moved for summary judgment on plaintiffs' claims, and plaintiffs moved for summary judgment seeking a declaration that the trademarks are valid and infringed. We referred the motions to Magistrate Joan H. Lefkow. In an August 12, 1988 report, Magistrate Lefkow recommended that summary judgment be granted in Fisher's favor on all counts. We adopted the report. Plaintiffs now move under Fed.R.Civ.P. 54(b) for entry of final judgment on Fisher's motion or, alternatively, for reconsideration of our summary judgment decision. For the reasons that follow, the motion is denied.

## Final Judgment under Rule 54(b)

Rule 54(b) provides in part that

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed.R.Civ.P. 54(b).

There are three prerequisites to the entry of judgment under Rule 54(b). First, the claim upon which certification is sought must constitute a single "claim for relief." Separate counts may constitute a single claim for relief. *See, e.g., Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.,* 860 F.2d 1441, 1444–45 (7th Cir.1988) (finding that plaintiff's strict liability and negligence counts together constitute one claim for relief and accordingly denying appellate review of summary judgment as to only one of the counts). Plaintiff's claim and defendant's counterclaim may together constitute a single claim within the meaning of Rule 54(b). *See, e.g., ODC Communications Corp. v. Wenruth Investment,* 826 F.2d 509, 511–13 (7th Cir.1987) (deeming a claim for prejudgment possession together with a counterclaim for conversion a single claim for relief). Second, the judgment entered on the claim must be final within the meaning of 28 U.S.C. § 1291. Finally, we must find that there is no just reason for delay, taking into consideration judicial efficiency and equity. *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

The threshold determination here is whether the plaintiffs' claims, on which we have granted summary judgment in Fisher's favor, constitute claims for relief under Rule 54(b) separate from the remaining counterclaims in this action. With some guidance from the Supreme Court, the Seventh Circuit has developed an approach that distinguishes claims for relief in an action by focusing on the degree of factual

overlap between the issues arising in the claims to be certified under Rule 54(b) and those arising in the remaining claims in the lawsuit: "[T]wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.'" *Automatic Liquid Packaging, Inc. v. Dominik,* 852 F.2d 1036, 1037 (7th Cir.1988), *quoting National Metalcrafters v. McNeil,* 784 F.2d 817, 821 (7th Cir.1986). Through this approach, the Seventh Circuit has sought to avoid the risk of reviewing identical issues in a series of appeals:

> For if there are different facts (and of course different issues) considerations of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal.... By the same token, if there is a great deal of factual overlap between the decided and the retained claims, they are not separate, and appeal must be deferred till the latter are resolved.

*Jack Walters & Sons Corp. v. Morton Bldg, Inc.,* 737 F.2d 698, 701 (7th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984). For example, in *Indiana Harbor,* the court noted the substantial overlap between plaintiff's strict liability and negligence counts that resulted from the common issue of reasonable care.[1] 860 F.2d at 1446. Similarly, in *ODC Communications,* the court held that the determination of ownership is sufficiently central to both the plaintiff's claim for prejudgment possession and the defendant's conversion counterclaim that the overlap of factual issues warrants denial of Rule 54(b) certification. 826 F.2d at 512–13.

There is some factual overlap between plaintiffs' trademark infringement claims and Fisher's counterclaims. Plaintiffs' claims hinge on a valid and enforceable trademark in the orange-colored biohazardous waste disposal bags. In granting summary judgment for Fisher on those claims, we found that the undisputed facts establish that the alleged registered and common law trademarks are invalid and

unenforceable for a number of reasons: plaintiffs did not arbitrarily select the color orange and, in the context of biohazardous waste bags, orange is functional, has no secondary meaning, and assists a competitive need. In two of its counterclaims, Fisher charges fraudulent conduct before the United States Patent and Trademark Office and in an Illinois Trademark Registration application. Specifically, American Hospital misrepresented that the mark acquired secondary meaning and was functional. The evidence of secondary meaning and functionality that invalidated the trademark on summary judgment is relevant to Fisher's allegations that American Hospital misrepresented those product characteristics.

It does not appear, however, that this evidentiary overlap is sufficiently substantial to deem plaintiffs' claims and Fisher's counterclaims a single claim for relief within the meaning of Rule 54(b). Precedent suggests that the validity of the trademark does not preordain any particular result in Fisher's counterclaims. At least as to plaintiffs' common law trademarks claims, either party may prevail regardless of the validity of the trademark. "It has been held several times that even if defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, [thereby justifying cancellation of the trademark,] plaintiff's common-law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant." 2 McCarthy, J.T., *Trademarks & Unfair Competition* § 31:21 at 600 (1984). Plaintiffs, in apparent contradiction of their contention that their claims and Fisher's counterclaims are distinct for Rule 54(b) purposes, insist without citation to supporting authority that trademark validity constitutes a defense to the counterclaims: "If certification at the present time is denied, any prospective trial on the counterclaims would seriously prejudice the Plaintiffs because the trial court has preordained the absence of a legally

---

**1.** "One of the factors for evaluating if an activity is ultra-hazardous is whether the accident could have been prevented by the exercise of reason- able care." 860 F.2d at 114, *citing* Restatement (Second) of Torts § 520(c).

enforceable trademark thereby depriving the Plaintiffs of any meaningful defenses, if not actually mooting the counterclaims." Supporting Memorandum at 4–5.[2]

We need not ask plaintiffs to reconcile these seemingly conflicting character- izations of the claims. Even if the factual overlap is insufficient to deem the claims and counterclaims a single claim for relief under Rule 54(b), it is sufficient to provide a just reason to delay the entry of final judgment. Under the third prong of the Rule 54(b) analysis, we look to "whether the claims under review were separable from the others remaining to be adjudi- cated and whether the nature of the claims already determined was such that no appel- late court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1465.[3] As we indicated earlier, evidence of secondary meaning and functionality is relevant to plaintiffs' claims and Fisher's counter- claims. Whether that evidence establishes that the trademark is invalid is inextricably intertwined with whether American Hospi- tal knew or should have known that it was material to its trademark request.[4] Thus, were we to enter final judgment on plain-

tiffs' claims, the Seventh Circuit would have to review that evidence on appeal of that judgment and again on appeal of a later judgment on Fisher's counterclaims.[5] This risk of repetitive review is precisely the type of situation justifying the denial of a Rule 54(b) motion.

### Reconsideration

Plaintiffs alternatively request reconsid- eration of our order overruling their objec- tions to the Magistrate's Report and Rec- ommendation. Plaintiffs have not made any arguments or presented any authori- ties that we have not already assessed in reviewing the Report and Recommenda- tion. Accordingly, the motion for reconsid- eration is denied.

### Conclusion

For all these reasons, plaintiffs' motion for the entry of judgment under Rule 54(b) or for reconsideration is denied. It is so ordered.

---

2. Plaintiffs also state that "since this Court has already decided Plaintiffs have no enforceable trademark rights, there really is no need to entertain the issue of whether Plaintiffs commit- ted fraud in the Patent Office, unless the Court of Appeals reverses that decision." Reply Mem- orandum at 5.

3. At first blush, it is difficult to distinguish this consideration from the Seventh Circuit's "signif- icant factual overlap" analysis in the context of identifying the claims for relief in a lawsuit. "[T]he 'separateness' of the claims being appeal- ed and those that remain in the district court invariably factor into both steps of the review." *Indiana Harbor*, 860 F.2d at 1444. There is a distinction. A "significant" factual overlap will preclude certification under Rule 54(b) regard- less of the existence of other factors warranting interlocutory appellate review whereas any less- er overlap may or may not militate against certification. "For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might per- haps be offset by a finding that an appellate resolution of the certified claims would facili- tate a settlement of the remainder of the

claims." *Curtiss–Wright Corp.*, 446 U.S. at 8 n. 2, 100 S.Ct. at 1465 n. 2.

4. In its challenges to the trademarks on the grounds of fraudulent conduct, Fisher must demonstrate that the misrepresentation was of a fact that would have affected the outcome of the trademark registration process. *Orient Express Trading Co. v. Federated Dept. Stores*, 842 F.2d 650, 653 (2d Cir.1988).

5. Plaintiffs make much of the possibility that the Seventh Circuit will disagree with our sum- mary judgment decision, thus necessitating an- other trial and potentially a retrial of the coun- terclaims. It is always the case that the entry of summary judgment on only a portion of a law- suit creates a risk that the district court will have to undertake another trial if the Court of Appeals later overturns the decision. Our analysis under Rule 54(b) hinges on the possi- bility (from our perspective, probability) that the Seventh Circuit would affirm on interlocu- tory appeal, in which case review of judgment on the remaining claims would encompass yet another review of the same evidence. Such a situation can be avoided by denying certifica- tion.