**FITIGUES, INC., LRV Corporation, FNP Store Corp., Steven Rosenstein and Andrea Levinson, Plaintiffs,**

**v.**

**VARAT ENTERPRISES, INC. and Joshua Varat, Defendants.**

**No. 91 C 4894.**

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1992.

James Howard Mandell Sprayregen, Stephanie Ann Scharf, Kirkland & Ellis, Chicago, IL, for plaintiffs.

John P. Scotellaro, Peter G. Rush, Bell, Boyd & Lloyd, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Fitigues, Inc., FNP Store Corporation, LRV Corporation, Andrea Levinson and Steven Rosenstein (collectively "Fitigues") instituted this action on August 5, 1991, to compel arbitration and to enjoin defendants Joshua E. Varat and Varat Enterprises, Inc. (collectively "Varat") from manufacturing, selling or in any way promoting Fitigues merchandise without Fitigues' written consent. In response, on August 8, 1991, Varat filed a demand for arbitration in the Atlanta division of the American Arbitration Association ("AAA"). On March 24, 1992, arbitrator Harriet E. King rendered her award, which contained seventeen separate findings and resulted in a net transfer in monetary damages of $356,944.94 from Fitigues to Varat. On May 4, 1992, Fitigues filed its second-amended complaint, charging Varat with breach of an October 30, 1990, amended settlement agreement as well as the conversion of certain checks and credit memos. Additionally, Fitigues filed an application for an order partially vacating the arbitration award. In turn, Varat moved for entry of judgment to confirm the arbitration award in its entirety and for summary judgment on all claims of Fitigues' second-amended complaint. In an opinion dated September 17, 1992, this court took the following action: (1) denied Fitigues' application for an order partially vacating the arbitration award; (2) granted Varat's motion for entry of judgment; and (3) granted in part and denied in part Varat's motion for summary judgment. Varat now moves (1) pursuant to Fed.R.Civ.P. 54(b) for entry of final judgment on the confirmed arbitration award, and (2) for an award of prejudgment interest at the statutory rate from December 21, 1991, the date arbitration commenced. For the reasons that follow, we grant Varat's motion for entry of final judgment and award Varat prejudgment interest at a rate of 8.75% from March 24, 1992 to the date of judgment.

## I. FINAL JUDGMENT UNDER RULE 54(b)

Rule 54(b) provides in part that: When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). There are three prerequisites to the entry of judgment under Rule 54(b). First, the claim upon which certification is sought must constitute a single "claim for relief." *See, e.g., Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.,* 860 F.2d 1441, 1444–45 (7th Cir.1988) (finding that plaintiff's strict liability and negligence counts together constitute one claim for relief and accordingly denying appellate review of summary judgment as to only one of the counts). In this regard, separate counts may constitute a single claim for relief. For instance, a plaintiff's claim coupled with a defendant's counterclaim may together constitute a single claim within the meaning of Rule 54(b). *See, e.g., ODC Communications Corp. v. Wenruth Inv.,* 826 F.2d 509, 511–13 (7th

Cir.1987) (deeming a claim for prejudgment possession together with a counterclaim for conversion a single claim for relief). Second, the judgment entered on the claim must be final within the meaning of 28 U.S.C. § 1291. *American Hosp. Supply Corp. v. Fisher Scientific Co.,* 713 F.Supp. 1108, 1109 (N.D.Ill.1989). Finally, we must find that there is no just reason for delay, taking into consideration judicial efficiency and equity. *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

■ Fitigues does not dispute that the confirmation of the arbitration award is "final" within the meaning of 28 U.S.C. § 1291 and, as such, we turn to the first and third requirements detailed above. Respecting the first requirement, Fitigues, relying on *Perera v. Siegel Trading Co.,* 951 F.2d 780, 786 (7th Cir.1992), argues that entry of final judgment is inappropriate in this case because "the arbitration question [is] embedded in a larger dispute." Contrary to Fitigues suggestion, however, the court in *Perera* did not hold that Rule 54(b) may never be used to separate an arbitration award for final judgment. Rather, in *Perera,* the court confronted an order compelling arbitration which, unlike a final and fully confirmed arbitration award, is an interlocutory order expressly rendered nonappealable by Section 16 of the Federal Arbitration Act, 9 U.S.C. § 16.

With some guidance from the Supreme Court, the Seventh Circuit has developed an approach that distinguishes claims for relief in an action by focusing on the degree of factual overlap between the issues arising in the claims to be certified under Rule 54(b) and those arising in the remaining claims in the lawsuit: "[T]wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.'" *Automatic Liquid Packaging, Inc. v. Dominik,* 852 F.2d 1036, 1037 (7th Cir.1988) (quoting *National Metalcrafters v. McNeil,* 784 F.2d 817, 821 (7th Cir.1986)); *American Hosp. Supply,* 713 F.Supp. at 1110. The goal of this approach is the avoidance of the risk of reviewing identical issues in a series of appeals:

For if there are different facts (and of course different issues) considerations of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required by judges to prepare for argument in, and to decide, each appeal.... By the same token, if there is a great deal of factual overlap between the decided and the retained claims, they are not separate, and appeal must be deferred till the latter are resolved.

*Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698, 701 (7th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984). For example, in *Indiana Harbor,* 860 F.2d at 1446, the court noted the substantial overlap between plaintiff's strict liability and negligence counts that resulted from the common issue of reasonable care: "One of the factors for evaluating if an activity is ultrahazardous is whether the accident could have been prevented by the exercise of reasonable care." Similarly, in *ODC Communications,* 826 F.2d at 512–13, the court held that the determination of ownership is sufficiently central to both plaintiff's claim for prejudgment possession and the defendant's conversion counterclaim that the overlap of factual issues warrants denial of Rule 54(b) certification.

Unlike the circumstances found in *Indiana Harbor* and *ODC Communications,* however, the decided claim in this case (confirmation of the arbitration award) bears no significant factual overlap with the remaining claim (the extent of damages due to Varat's failure to return certain materials to Fitigues in a timely manner). As noted in our previous opinion, dated September 17, 1992, the factual issue necessary to determine the extent of damages Fitigues suffered as a result of Varat's protracted failure to return the materials is the cost of developing new patterns and sketches for use by Fitigues' new manufacturer. Review of the arbitration award, however, is limited to those circumstances expressly provided in § 10 of the Federal Arbitration Act, 9 U.S.C. § 10. *Flender Corp. v. Techna–Quip Co.,* 953 F.2d 273, 279 n. 5 (7th Cir.1992); *Chameleon Dental Prods., Inc. v. Jackson,* 925 F.2d 223, 226

(7th Cir.1991); *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 267 (7th Cir.1988). Those circumstances concern the conduct of the arbitrator and the circumstances under which the award were obtained, not the merits of the arbitrator's decision. *See* 9 U.S.C. § 10(a) (Supp.1992). Accordingly, we find that the decided issue and the remaining issue cannot be deemed a single claim for relief under Rule 54(b).

Under the third prong of the Rule 54(b) analysis, we look to "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1465. At first blush, it is difficult to distinguish this consideration from the Seventh Circuit's "significant factual overlap" analysis in the context of identifying claims for relief in a lawsuit. "[T]he 'separateness' of the claims being appealed and those that remain in the district court invariably factor into both steps of the review." *Indiana Harbor*, 860 F.2d at 1444. As this court noted in *American Hosp. Supply*, 713 F.Supp. at 1108 n. 3, however, there is a distinction. A "significant" factual overlap will preclude certification under Rule 54(b) regardless of the existence of other factors warranting interlocutory appellate review whereas any lesser overlap may or may not militate against certification. "For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Curtiss–Wright Corp.*, 446 U.S. at 8 n. 2, 100 S.Ct. at 1465 n. 2. In the instant case, there being little if any factual overlap, a denial of Varat's Rule 54(b) motion must turn on factors such as judicial efficiency and equity. We, however, cannot discern any factor sufficient to preclude Rule 54(b) certification.

There being no just reason for delay, pursuant to Fed.R.Civ.P. 54(b), we grant Varat's motion for entry of final judgment as to the fully confirmed arbitration award.

## II. PREJUDGMENT INTEREST

Varat initially requested prejudgment interest on the arbitration award from December 21, 1991, the date arbitration commenced. Varat has since conceded that, if it is entitled to prejudgment interest, such interest is properly awarded from March 24, 1992, the date of the arbitration award. Varat's Reply Memorandum at 9; *see also Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 751–53 (8th Cir.), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986); *Marion Mfg. Co. v. Long*, 588 F.2d 538, 542 (6th Cir.1978).

As noted by the First Circuit in *Fort Hill Builders, Inc. v. National Grange Mutual Ins. Co.*, 866 F.2d 11, 14 (1st Cir.1989), "[c]ourts are not entirely in accord on the question of whether federal or state law governs entitlement to, and the rate of, post-award, prejudgment interest." *Compare Northrop Corp. v. Triad Int'l Marketing S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) (concluding that state law determined the rate of post-award, prejudgment interest in a diversity action enforcing an arbitration award under the Federal Arbitration Act) *with Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) (implying that in a diversity action federal law would govern both entitlement to and the rate of post-arbitration award, pre-confirmation judgment interest). Fortunately, this is a question that we need not resolve, as both Fitigues and Varat agree that the law of South Carolina applies to this action.

 It is undisputed that, under South Carolina law, "in all cases wherein any sum ... of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum." S.C.Code Ann. § 34–31–20. South Carolina allows for prejudgment interest on obligations to pay money "from the time when, either by agreement of the parties or

operation of law, the payment is demandable, if the sum is certain or capable of being reduced to certainty." *Anderson v. Citizens Bank*, 294 S.C. 387, 365 S.E.2d 26, 32 (S.C.Ct.App.1987), *overruled on grounds not relevant here by Ward v. Dick Dyer & Assoc., Inc.*, 304 S.C. 152, 403 S.E.2d 310 (1991). By virtue of arbitrator King's award on March 24, 1992, Fitigues became obligated to pay Varat $356,944.94 less certain deductions, the amount of which is but a matter of discovery. Contrary to Fitigues' suggestion this sum is capable of being reduced to a certainty and is demandable by operation of law.[1] Accordingly, we award Varat prejudgment interest at a rate of 8.75% from March 24, 1992 to the date of judgment.

## III. CONCLUSION

For the reasons set forth above, pursuant to Fed.R.Civ.P. 54(b), we grant Varat's motion for entry of final judgment as to the fully confirmed arbitration award. Additionally, we award Varat prejudgment interest at a rate of 8.75% from March 24, 1992 to the date of judgment. It is so ordered.

---

**1.** *Fitigues* also argues that prejudgment interest is inappropriate in this case because the arbitrator did not award such interest. However, it is well settled that the arbitrator, who may have been concerned with the interest to the date of her award, "lacked the authority to decide the entirely separate question of prejudgment interest on the amount confirmed by the district court judgment." *Sun Ship, Inc.*, 785 F.2d at 63. That the district court, and not the arbitrator, is charged with the determination of prejudgment interest meshes with the purposes of such an award: (1) to compensate prevailing parties for the true costs of money damages incurred, and (2) where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation. *See Stroh*, 783 F.2d at 752.