**ALPHAGRAPHICS, INC., Plaintiff,**

v.

**Andy and Vicky SHAPIRO, and Printshop & Copy Center of Mt. Prospect, Inc., Defendants.**

**No. 95 C 7285.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 12, 1996.

---

1. See pages 9–11 of Memorandum Opinion and Order.

John F. Verhey, Rudnick & Wolfe, Chicago, IL, Marc P. Seidler, Seidler & McErlean, Chicago, IL, for plaintiff.

Dimitrios G. Christopoulos, Querrey & Harrow, Ltd., Chicago, IL, for defendants.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, Chief Judge:

Plaintiff AlphaGraphics, Inc., brought this action against its former franchisees, Andy and Vicky Shapiro, and the Shapiros' current business, Printshop & Copy Center of Mount Prospect. According to the plaintiff, the Shapiros breached the franchise agreement that had provided for their operation of an AlphaGraphics franchise in a northwest suburb of Chicago. Pursuant to the franchise agreement, the dispute went to arbitration. Presently before the court is AlphaGraphics' application to confirm the arbitration award entered in its favor. We briefly explain the arbitrator's award before explaining why and to what extent we confirm the arbitration award.

On June 3, 1996, the arbitrator entered a "Partial Award of Arbitrator." The Partial Award denied the Shapiros' claims, and instead declared that the defendants must pay $158,745.75 to AlphaGraphics, "together with interest at the rate of 1.5% per month from issuance of the Final Award until paid." Pl.'s Application, Group Ex. H. In a separate paragraph, the arbitrator held that "[a]ll other relief by either party is hereby denied except for fees and costs which shall proceed in the manner described herein"; the Partial Award goes on to specify a date by which AlphaGraphics must submit a verified statement of attorneys' fees and costs, and a date by which the defendants must file objections. *Id.* In conclusion, the arbitrator stated that he would "then enter a final award which will include attorneys' and arbitration fees and costs." *Id.*

On June 28, 1996, the arbitrator issued a "Final Award of Arbitrator." *Id.* The Final Award mandated that the defendants pay the plaintiff $78,200 in "attorneys' fees and costs incurred in this arbitration." *Id.* Additionally, the arbitrator imposed the administrative fees and expenses of the American Arbitration Association, as well as the arbitrator's compensation, on the defendants. In total, the Final Award provided for the defendants to pay the plaintiff an additional $82,571.78.

■ In partially contesting the application for confirmation of the arbitrator's award, the defendants raise two grounds. First, the defendants argue that the court should await entry of confirmation until August 8, 1996, because 28 U.S.C. § 655(a) purportedly provides them with thirty days from entry of the arbitration award to demand trial *de novo.*[1] However, the suggestion that § 655(a) governs this case is flatly wrong. Section 655(a) allows a party to demand a *de novo* trial only

---

1. We note that the Final Award was issued on June 28, 1996, and thus even if the thirty-day demand period applied, it ended on July 28.

where the award was entered pursuant to *court-annexed* arbitration, which was originally authorized by the 1988 Judicial Improvements and Access to Justice Act. Specifically, § 655(a) refers only to arbitration awards filed "under section 654," which in turn refers only to "award[s] by an arbitrator under *this chapter*," § 654(a) (emphasis added). In contrast, private agreements to arbitrate are governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16, and court-annexed arbitration "shall not affect title 9," 28 U.S.C. § 651(b). Accordingly, § 655(a)'s thirty-day demand period is irrelevant here; in any event, we have awaited entry of confirmation until after full briefing, and August 8 has already passed.

■ Next, the defendants object to reading the arbitration award to include interest on the $82,571.78 awarded in the Final Award, that is, the amount due in attorneys' fees, costs, arbitration expenses, and arbitrator's compensation. We agree with the defendants that, while the arbitrator expressly imposed 1.5% per month interest on the $158,745.75 awarded in the Partial Award, no such interest was imposed on the subsequent award. Indeed, the arbitrator never mentioned, in either the Partial Award or Final Award, imposing interest on the attorneys' fees, costs, arbitration expenses, and arbitrator's compensation. Although the plaintiff contends that the franchise agreement clearly provides for such interest, an examination of the agreement reveals otherwise. *Compare* Franchise Agreement § 6(G) (section dealing with "late payments" provides for 1.5% interest on such payments to AlphaGraphics) *with* § 19(F) (section dealing with "arbitration" provides for interest on "money damages" but not on "attorneys' fees and costs").[2] Thus, we confirm the arbitration award, but the award contains no imposition of interest on the Final Award's $82,571.78.[3]

■ Finally, AlphaGraphics seeks post-award, prejudgment interest on the arbitration award *in addition* to the post-award interest already imposed on the initial $158,745.75 awarded by the arbitrator. We decline to impose the additional interest. The plaintiff did not make this claim until its reply brief, Pl.'s Reply at 2–3, and thus waived entry of such interest. Moreover, although AlphaGraphics asserts that the amount of interest is within our discretion, and in support cites *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir.1986), the plaintiff fails to point out that there is a split in authority over whether federal law or state law governs the entitlement to, and rate of, post-award, prejudgment interest. *Compare id.* at 63 (applying federal law) *with Northrop Corp. v. Triad Int'l Marketing S.A.*, 842 F.2d 1154, 1155 (9th Cir.1988) (applying state law); *see also Fitigues, Inc. v. Varat Enters.*, 813 F.Supp. 1336, 1339 (N.D.Ill.1992) (pointing out conflict in authority); *cf. Merit Ins. Co. v. Leatherby Ins. Co.*, 728 F.2d 943, 944 (7th Cir.1984) (parties agreed that state law applied); *DDI Seamless Cylinder Int'l Inc. v. General Fire Extinguisher Corp.*, 14 F.3d 1163, 1167 (7th Cir.1994) (dicta expressing that arbitrator may award post-award, preconfirmation interest). In any event, even following the plaintiff's incomplete view of the law, we would exercise our discretion and refrain from imposing post-award, prejudgment interest on top of the post-award interest already granted. Under the particular circumstances, AlphaGraphics is adequately compensated for the time-value of the money damages by the generous 1.5% per month interest imposed on the $158,745.75 in the arbitrator's award.

In sum, we grant the motion to confirm the arbitration award, which we read as follows:

2. We note that the cited provisions of the Franchise Agreement, including § 6(G) relied upon by the plaintiff, appear on pages 24 and 56 of the Agreement. These pages, however, are reproduced only in the photocopy of the Agreement attached to the Verified Complaint, Docket No. 1, and not in the photocopy attached to the Verified Amended Complaint, Docket No. 20. Apparently, the photocopy attached to the amended complaint reproduced only the odd-numbered pages of the Agreement, but not the even-numbered pages on the odd-numbered pages' reverse sides.

3. Because of this disposition, we need not consider the defendants' alternative argument that we should remand for clarification to the arbitrator, although in some cases such a remand may be appropriate, *see United Food & Commercial Workers Local 100A v. John Hofmeister and Son*, 950 F.2d 1340, 1345 (7th Cir.1991).

(1) $158,745.75 to AlphaGraphics with interest at the rate of 1.5% per month from issuance of the Final Award (June 28, 1996) until paid; (2) $82,571.78 in attorneys' fees, costs, administrative fees and expenses of the American Arbitration Association, and the arbitrator's compensation. It is so ordered.