

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-3-2002

# In Re Prudential

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re Prudential " (2002). *2002 Decisions.* Paper 550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2320
_____


IN RE:  PRUDENTIAL INSURANCE COMPANY OF AMERICA
SALES PRACTICE LITIGATION


Paul J. Berrafato,
                                    Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action Nos. 99-cv-04641 & 97-cv-05044
(Honorable Alfred M. Wolin)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2002

Before:  SCIRICA, ALITO and FUENTES, Circuit Judges

(Filed September 3, 2002)


_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

     Paul Berrafato appeals from the District Court's judgment upholding his arbitration award.  We will affirm.

                              I.
     Berrafato was employed by Prudential as an insurance sales representative in 1965. He was later appointed general manager of a district office, and held that at-will position until January 6, 1997.  Berrafato was fired in connection with allegations that he concealed video tapes from regulatory compliance inspectors, made misrepresentations, and refused to answer deposition questions about document destruction in a Prudential Sales Practices Litigation matter.  Berrafato brought suit against Prudential claiming he was entitled to disability and retirement benefits.  Prudential responded that Berrafato was disqualified from receiving these benefits because he had been terminated for "egregious misconduct."

     Prudential moved to compel arbitration under the rules of the National Association of Securities Dealers ("NASD").  Berrafato was registered with the NASD, met the definition of an "associated person" under the NASD code, and had signed a Form U-4 Uniform Application for Securities Industry Registration or Transfer ("Form U-4") providing for the arbitration of disputes.  On March 10, 1998, the District Court ordered Berrafato to arbitrate his claims before the NASD.

     On November 2, 2000, the NASD arbitration panel rendered its decision.  The

NASD panel held that Prudential's termination of Berrafato for "egregious misconduct" was arbitrary and capricious. The NASD panel ruled in favor of Berrafato on his disability and retirement claims but (1) rejected his defamation claim; (2) dismissed his ERISA 1140 retaliatory discharge claim; (3) refused to fine Prudential for allegedly failing to deliver ERISA plans to him in a timely fashion; and (4) denied his application for attorney's fees and costs. The District Court upheld the arbitration award in its entirety and concluded "the decision of the arbitrators [cannot] be said to exhibit 'manifest disregard' of the applicable law, the relevant agreements or the evidence." In re Prudential Ins. Co. Sales Practices Litig., No. 954704, slip. op. at 12 (D.N.J. May 11, 2001). Berrafato appeals.

## II.

### A

Berrafato contends the District Court erred by not finding "manifest disregard for the law" where the NASD panel denied his application for attorneys' fees and costs, denied an ERISA fine, and dismissed his defamation claim without explanation. Berrafato also makes unsubstantiated charges of general bias and prejudice against the NASD panel and the District Court.

### B

The District Court correctly noted that judicial review of an arbitration award is very deferential. The Federal Arbitration Act ("FAA") "limits the court's role to determining whether the parties received a fair and honest hearing on a matter within the arbitrators' authority. The court may not take issue with the arbitrators' interpretation of the contract. Nor can it consider whether the arbitrators committed an error of law." Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 62 (3d Cir. 1986) (citations omitted). We have held that

> an arbitrator's award must be upheld if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

U.S. Steel & Carnegie Pension Fund v. McSkimming, 759 F.2d 269, 270-271 (3d Cir. 1985).

We agree with the District Court that none of the FAA grounds for reversing the arbitrator's award are present in this record. The arbitration decision did not exhibit "manifest disregard" of the applicable law.

## III.

Berrafato contends he was defamed in a newspaper article by a Prudential spokesman who allegedly stated, inter alia, that Berrafato removed tapes from the local office in order to avoid regulatory compliance review. The only evidence put before the arbitrators was the newspaper article. Berrafato does not cite a single authority in support of his argument and fails to make more than a conclusory statement in his brief that he was defamed. We see no error.

Berrafato also argues that he should have been awarded attorneys' fees and costs under ERISA, 29 U.S.C. 1132(g). But Berrafato concedes the award of attorneys' fees under this statute is discretionary. 29 U.S.C. 1132(g). "[T]here is no presumption that a successful plaintiff in an ERISA suit should receive an award in the absence of exceptional circumstances." McPhereson v. Employees' Pension Plan Re-insurance Co., 33 F.3d 253, 254 (3d Cir. 1994) (citation omitted). We have set forth five factors that must be considered when determining whether to grant attorney fees in ERISA cases: (1) offending parties' culpability or bad faith; (2) ability of offending parties to satisfy an award of attorneys' fees; (3) deterrent effect of an award of attorneys' fees against offending parties; (4) benefit conferred on pension plan members as a whole; and (5) relative merits of parties' positions. Id. The District Court carefully evaluated all five factors. We find no error in denying attorneys' fees and costs.

The last argument meriting discussion is Berrafato's claim that the District Court erred by not fining Prudential under ERISA for failing to produce a copy of the plan document in a timely manner. Berrafato conceded to the District Court that such a fine is discretionary. Prudential argued that the plan documents were produced to Berrafato in

time to avoid any possibility of prejudice.  We agree with the District Court that "[i]n light of Berrafato's ultimate victory on the benefits claim, this [avoidance of prejudice argument] appears to be correct.  Particularly in the absence of a showing of prejudice, the arbitrators were within their discretion to decline to fine Prudential."  In re Prudential No. 954704, slip. op. at 19.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment upholding the arbitration award in its entirety.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge

DATED:  September 3, 2002