847 F.2d 108
 TERRITORIAL COURT OF THE VIRGIN ISLANDS, Appellant,
v.
James R. RICHARDS, in his capacity as Inspector General,
Office of Inspector General, U.S. Department of Interior,
and Neal Littlefield, in his capacity as Regional Audit
Manager, Caribbean Region, St. Thomas, V.I., Office of
Inspector General, U.S. Department of Interior.
 No. 87-3720.
 United States Court of Appeals,
Third Circuit.
 Argued March 1, 1988.
Decided May 27, 1988.
 
 Brenda J. Hollar (argued), Leon Kendall, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellant.
 Robert L. Ashbaugh (argued), Michael F. Hertz, Douglas N. Letter, Joan Hartman, Civil Div., U.S. Dept. of Justice, Richard K. Willard, Asst. Atty. Gen., Terry Halpern, U.S. Atty., Thomas Robinson, Associate Solicitor, William Fields, Staff Atty., U.S. Dept. of the Interior, Washington, D.C., James S. Carroll, III, Asst. U.S. Atty., Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellees.
 Before SEITZ, HIGGINBOTHAM and COWEN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 I. JURISDICTION AND SCOPE OF REVIEW
 
 1
 This appeal requires us to determine whether the Department of the Interior is authorized by Congress to audit the Territorial Court of the Virgin Islands.
 
 
 2
 The District Court of the Virgin Islands had jurisdiction under 28 U.S.C. Sec. 1331 (1982); 48 U.S.C. Sec. 1612(a) (1982). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982).
 
 II. FACTS AND STATEMENT OF THE CASE
 
 3
 The Territorial Court was notified by the Inspector General and Regional Audit Manager of the United States Department of the Interior (together "the Department of the Interior") that the Territorial Court was scheduled for a direct audit by the Department of the Interior. In response, officials of the Territorial Court met with several auditors of the Department of the Interior. The court officials expressed concerns about the audit and criticized some of the alleged activities of the Department of the Interior in prior indirect audits. The parties were unable to resolve their differences.
 
 
 4
 Subsequently, the Territorial Court brought an action in the district court against the Department of the Interior seeking a declaratory judgment that the Revised Organic Act of 1954, as amended ("Organic Act"), vests the authority to audit the Territorial Court in the Administrative Office of the United States Courts ("AO") and not in the Inspector General of the Department of the Interior. The Territorial Court also sought injunctive relief relating to the proposed audit.
 
 
 5
 The same day that the complaint was filed, the Department of the Interior served a subpoena duces tecum for specified financial documents on the Clerk of the Territorial Court. The Territorial Court filed a motion to quash, stay enforcement of and/or limit the scope of the subpoena and a motion to consolidate and for a protective order. While the motions were pending, the parties entered into a stipulation, which stated in part:
 
 
 6
 plaintiff will not be required to turn over any documents sought by the subpoena issued by the Inspector General of the Department of Interior until the District Court of the Virgin Islands has rendered its final decision in the above-entitled case. However, it is understood that in order to properly join the issues in the above-entitled case, defendants may file appropriate pleadings seeking enforcement of said subpoena.
 
 
 7
 Finally, it is stipulated that all proceedings relating to Plaintiff's Motion to Quash and Defendants' motion to enforce the subpoena if applicable be joined with Plaintiff's declaratory judgment action, previously filed and that all pleadings be filed in accordance with the time requirements in the declaratory judgment action.
 
 
 8
 After filing an answer, which included a counterclaim seeking enforcement of the subpoena, the Department of the Interior filed a motion for summary enforcement of the subpoena.
 
 
 9
 Following a hearing, the district court found that there was no constitutional impediment to enforcement of the subpoena and that nothing in the Organic Act or the Insular Areas Act of 1982 ("1982 Act") precluded the proposed audit. Indeed, the district court found ample statutory authority for the proposed audit. Furthermore, after stating that it was not alleged that the subpoena was overbroad, burdensome or that it sought irrelevant material, the district court concluded that summary enforcement of the subpoena was appropriate. Accordingly, the district court granted the Department of the Interior's motion for summary enforcement. Additionally, it dismissed the Territorial Court's complaint with prejudice for lack of jurisdiction. 673 F.Supp. 152.
 
 
 10
 On appeal the Territorial Court asks that we: 1) reverse the district court's grant of summary enforcement; 2) reverse the district court's order dismissing with prejudice the Territorial Court's complaint for declaratory judgment and injunctive relief; 3) direct the district court to permanently enjoin the Department of the Interior from exercising any audit authority over the Territorial Court; 4) vacate the district court's denial of the Territorial Court's motion for sanctions; and 5) indemnify the Territorial Court for its costs, including attorney's fees.
 
 III. DISCUSSION
 
 11
 Our standard of review of the district court's legal rulings is plenary. E.g. Creque v. Luis, 803 F.2d 92, 93 (3d Cir.1986). The district court's denial of discovery is reviewable for abuse of discretion. Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 568 (3d Cir.1986).
 
 
 12
 A. Statutory Authority and Separation of Powers
 
 
 13
 The Territorial Court, created by the Territorial legislature, pursuant to power granted by the Organic Act, contends on several legal bases that the district court erred in ruling that the Department of the Interior, an executive agency of the United States, instead of the AO, a judicial agency, has authority to audit its record. We turn to the pertinent statutory history.
 
 
 14
 The Revised Organic Act passed by Congress in 1954 ("1954 Act") created the office of government comptroller to "audit and settle all accounts and claims pertaining to the revenue and receipts from whatever source of the government of the Virgin Islands," and to "audit and settle ... all expenditures of funds and property pertaining to the government of the Virgin Islands." Organic Act of 1954 Sec. 17(b). In 1982 Congress transferred certain enumerated "functions, powers, and duties [previously] vested in the government comptroller for the Virgin Islands ... [to] the Inspector General, Department of the Interior." 48 U.S.C. Sec. 1599 (1982). Included in this transfer was the auditing authority to audit "all activities of the government of the Virgin Islands" that had previously resided with the government comptroller. Id.
 
 
 15
 The Territorial Court argues that reliance on section 17 is inappropriate because the phrase "all activities of the government of the Virgin Islands," should be construed to mean the activities of only the executive branch of the government. We find no merit in this argument because of the breadth of the language employed in the statute and the lack of any valid reason why Congress would want to exclude the other two branches of the territorial government from its auditing supervision.
 
 
 16
 The Territorial Court next asserts that the district court erred in ruling that an executive agency instead of a judicial agency, has authority to audit the Territorial Court. Its position is bottomed on the contention that Sec. 30 of the Organic Act places its judicial branch "within the jurisdiction of" the AO and "excludes the judicial branch from the jurisdiction of the Department of Interior." In effect, the Territorial Court is asserting that the general language of Sec. 17 when read with Sec. 30 shows a congressional intent to carve out an exception to the generality of Sec. 17 by placing the auditing function over the Territorial Court in the AO. From this premise, the Territorial Court argues that only the AO has audit authority over the Territorial Court.
 
 
 17
 Section 30, also enacted in 1954, states in pertinent part that
 
 
 18
 [a]ll reports required by law to be made by the Governor to any official of the United States shall hereafter be made to the Secretary of the Interior, and the President is hereby authorized to place all matters pertaining to the government of the Virgin Islands under the jurisdiction of the Secretary of the Interior, except matters relating to the judicial branch of said government which on the date of approval of this Act [July 22, 1954] are under the supervision of the Director of the Administrative Office of the United States Courts.
 
 
 19
 (emphasis added).
 
 
 20
 The Territorial Court relies on the emphasized language to suggest that the totality of the Territorial Court system was thereby brought under AO supervision, at least as to the auditing function.
 
 
 21
 The scope of the authority possessed by the AO is defined by Title 28. Unlike the express authority given the AO to audit the District Court of the Virgin Islands, the relevant provisions of Title 28 in effect in 1954 did not grant the AO authority to audit the Territorial Court or its predecessor local courts. See 28 U.S.C. Secs. 604(a)(11), 610 (1982); see also 1951 U.S. Code Cong.Serv. 738. Consequently, such power remained where the district court said it was, in the Department of the Interior.
 
 
 22
 The Territorial Court next contends that, if the relevant statutes confer authority on the Department of the Interior to audit the Territorial Court, such a conferral of authority is unconstitutional, as it violates separation of powers principles, and the due process and equal protection rights of the people of the Virgin Islands. The Territorial Court points out that the Department of the Interior is an executive agency, while the Territorial Court is a judicial body. Permitting an executive agency to audit this judicial body, asserts the Territorial Court, would violate the constitutional principle that the legislative, executive, and judicial branches are independent and co-equal branches of the government.
 
 
 23
 Assuming, without deciding, that separation of powers principles may be viable as among the branches of the territorial government, we are convinced that the doctrine is inapplicable in resolving an attack made on an Act of Congress dealing with the Virgin Islands. We are unwilling to find such a constraint on Congress in its relations with the territories of the United States.[1] U.S. CONST. art IV, Sec. 3, cl. 2 (Congress is authorized to "make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States"); see also Guam v. Olsen, 431 U.S. 195, 205, 97 S.Ct. 1774, 1780, 52 L.Ed.2d 250 (1977) (Marshall, J., dissenting).
 
 
 24
 In light of the foregoing discussion, we hold that the Department of the Interior had authority to audit the Territorial Court and authority to issue the subpoena. Inspector General Act of 1978, 5 U.S.C.App. Sec. 6(a)(4) (1982).
 
 
 25
 B. Appropriateness of Summary Enforcement Proceedings
 
 
 26
 The Territorial Court asserts that the district court erred in enforcing the subpoena by way of summary proceedings. We have considered the arguments advanced by the Territorial Court, viz., that the motion for summary enforcement was a breach of the parties' stipulation and that summary enforcement was not available in light of the constitutional challenge to the subpoena, and we find them unpersuasive. First, we agree with the district court that the motion was not a breach of the stipulation. Second, while the Territorial Court's argument is somewhat obscure, the reality is that they were afforded an opportunity to raise constitutional arguments in the summary enforcement proceedings, and the Territorial Court does not point to any indication that it was deprived of any right to which it was otherwise entitled. Accordingly, we hold that the district court possessed the power to order summary enforcement of the subpoena.
 
 C. The Westinghouse Factors
 
 27
 Appellant next contends that, even if summary enforcement of the subpoena could have been granted, as we now hold, the district court erred in failing to consider all of the factors required to determine whether enforcement was appropriate.
 
 
 28
 Before granting enforcement of the present administrative subpoena, the district court was required to find that: 1) the Department of the Interior had the statutory authority to audit the Territorial Court; 2) the subpoena sought relevant information; and 3) the subpoena was not unduly burdensome. United States v. Westinghouse Elec. Corp., 788 F.2d 164, 166 (3d Cir.1986). Additionally, the subpoena must not be issued for an improper purpose. Id. at 166-67.
 
 
 29
 The issuing agency has the preliminary burden of showing that a subpoena satisfies the Westinghouse requirements. This burden was met by the affidavit accompanying the Department of the Interior's motion for summary enforcement.
 
 
 30
 Once the agency makes such a showing, as it did here, the burden shifts to the party opposing enforcement to rebut the agency's showing. The Territorial Court has failed to point to any record evidence offered to rebut the preliminary showing.
 
 
 31
 We agree, however, that the Territorial Court did assert, contrary to the district court's statement, a challenge to the breadth and burdensomeness of the subpoena and to the good faith of the issuing agency. The defense was raised by the Territorial Court in its written response to the agency's enforcement motion. But this does not end the matter. The Territorial Court could not rest on its response once the agency made out its prima facie case for enforcement by way of affidavit. The Territorial Court was then required to make an appropriate showing in rebuttal. This it did not do. Thus, despite the district court's erroneous statement, we are satisfied that the Territorial Court did not create a factual issue with regard to breadth, burdensomeness or good faith that required the court to rule thereon. Accordingly, the agency's compliance with such factors can be inferred.
 
 
 32
 Additionally, the Territorial Court asserts that the district court erred in denying its request for discovery. We interpret this contention as suggesting that such action prevented it from rebutting the Department of the Interior's prima facie Westinghouse showing. The facts relating to the allegedly onerous and burdensome nature of the subpoena would be within the control of the Territorial Court rather than the Department of the Interior.
 
 D. Dismissal of the Complaint
 
 33
 The Territorial Court asserts finally that the district court erred in dismissing with prejudice its action for declaratory judgment and injunctive relief.
 
 
 34
 We find this aspect of the appeal moot because the Territorial Court advanced the same arguments in its defense to summary enforcement of the subpoena that it raised in its complaint. Thus, even if we assume that the district court erred in dismissing the complaint for lack of jurisdiction, we find that the judgment of the district court in enforcing the subpoena disposed of the proper subject matter of the complaint.[2]
 
 E. Motion for Sanctions
 
 35
 The Territorial Court argues that the district court erred in denying its motion for sanctions against counsel for the Department of the Interior on grounds relating to impropriety in seeking summary enforcement. We find no abuse of discretion in the denial of the motion. See Sun Ship v. Matson Navigation Co., 785 F.2d 59 (3d Cir.1986).
 
 IV. CONCLUSION
 
 36
 The order of the district court will be affirmed.
 
 
 
 [1]
 The Territorial Court also contends that the proposed audit would violate the due process and equal protection rights of the citizens of the Virgin Islands. These contentions are based on the incorrect premise that the district court's judgment violates separation of powers principles and are wholly meritless
 
 
 [2]
 In finding the Territorial Court's appeal of the dismissal of its complaint moot, we do not address the hypothetical issue raised in its complaint that the Department of the Interior may engage in improper activities in future dealings with the Territorial Court. Such matters are for another day